BROADWELL v. BROADWELL.

1. JUDGMENT — JURISDICTION OF APPELLATE COURT SHOULD BE QUESTIONED BEFORE ENTRY OF DECREE.

If the jurisdiction of the Supreme Court to hear an appeal is to be attacked, the proper time is when the appeal is heard and not after the decree has been entered.[1]

2. SAME—DECREE OF SUPREME COURT MAY BE ATTACKED ONLY FOR FRAUD.

The decree of the Supreme Court imports jurisdiction, and after its entry it may be attacked only on the ground of fraud.[2]

3. SAME — NON-COMPLIANCE WITH RULES IN PERFECTING APPEAL INSUFFICIENT GROUND FOR DISTURBING DECREE.

A suit to set aside a decree of the Supreme Court on the ground that the appellant did not comply with the statutes and rules of practice in taking and perfecting his appeal was properly dismissed by the court below.[3]

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 10, 1926. (Docket No. 70.) Decided July 22, 1926.

Bill by Allie M. Broadwell against Louis O. Broadwell and another to set aside a decree entered in the Supreme Court. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Lucking, Hanlon, Lucking & Van Auken,* for plaintiff.

*Fred H. Aldrich* and *Arnold F. Zeleznik,* for defendant Broadwell.

SNOW, J. The plaintiff seeks, by bill in the Wayne county circuit court, in chancery, to set aside and

[1]Appeal and Error, 4 C. J. § 2411; [2]Judgments, 34 C. J. § 841; [3]Id., 34 C. J. § 707.

vacate the decree of this court in a previous suit between her and her husband (*Broadwell* v. *Broadwell,* 223 Mich. 641), and to have the decree of the circuit court in chancery, from which the appeal was taken in said case, reinstated and enforced.    The grounds upon which such relief is asked rest entirely on what plaintiff now contends was the failure of the appellant to comply with the statutes and rules of practice in taking and perfecting his appeal to this court in said case.    If the jurisdiction of this court was to be attacked, or question raised as to the proceedings in taking the appeal, then and not now was the proper time.    The decree imports jurisdiction and we may not go behind it.    It can now be attacked only on the ground of fraud, and none is claimed.    Any other rule would lead to endless litigation, the unsettling of adjudicated rights in property, and an uncertainty in every case as to the validity of the judgments of this court.

The chancellor was right in his disposition of the case, and the decree, dismissing plaintiff's bill of complaint without prejudice to any right she may have to seek relief by other proceeding, will be sustained, with costs to the appellee.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.